IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| TAMARIN LINDENBERG, | : |
| Plaintiff, | : Civil No. 13-2515 (RBK/JS) |
| v. | : **OPINION** |
| ARRAYIT CORPORATION, and ARRAYIT DIAGNOSTICS, INC., and AVANT DIAGNOSTICS, INC., and JOHN HOWELL, and STEVEN SCOTT, and GREGG LINN | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Tamarin Lindenberg ("Plaintiff") for reconsideration of the Court's May 7, 2013, Order. On that date, the Court dismissed Plaintiff's case for lack of subject matter jurisdiction finding that despite the Court's articulation of the pleading deficiencies in Plaintiff's original Complaint, Plaintiff still failed to properly allege the citizenship of any party named in the litigation in her Amended Complaint. Plaintiff now argues that she did in fact properly allege each Defendant's citizenship, but to the extent she did not meet her obligations under 28 U.S.C. § 1332, she asks the Court to allow her to amend her Complaint a third time to cure any jurisdictional deficiencies.

For the reasons expressed below, Plaintiff's motion for reconsideration is **DENIED**.

I. **BACKGROUND**

Plaintiff first filed suit against Defendants on April 19, 2013, invoking the Court's jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.  On April 22, 2013, the Court issued an Order finding that Plaintiff's Complaint failed to allege federal question jurisdiction and diversity jurisdiction because Plaintiff's causes of action appeared to arise under state law only and she failed to properly allege the citizenship of both Plaintiff and all Defendants.  (Order, April 22, 2013.)  The Court thus ordered that, on or before May 6, 2013, Plaintiff file an Amended Complaint properly alleging the citizenship of every party and alleging that diversity of citizenship did in fact exist between Plaintiff and Defendants, or properly plead an alternative basis for jurisdiction.

On April 29, 2013, Plaintiff filed an Amended Complaint purporting to address the jurisdictional deficiencies identified by the Court in its April 22 Order.  On May 7, 2013, the Court again found that Plaintiff still did not properly allege the citizenship of any party named in the litigation (Order, May 7, 2013); accordingly, the Court dismissed this case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).  On May 10, 2013, Plaintiff filed the instant motion.

II. **LEGAL STANDARD**

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.  Church & Dwight Co. v. Abbott Labs., 545 F. Supp. 2d 447, 449 (D.N.J. 2008).  That rule "permits a party to seek reconsideration by the Court of matters 'which [it] believes the Court has overlooked' when it ruled on a motion."  NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515 (D.N.J. 1996) (quoting local rule); see also United States v.

Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999) (noting that party seeking reconsideration must show "that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision"). "The standard of review involved in a motion for [reconsideration] is quite high, and therefore relief under this rule is granted very sparingly." United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)).

In order to prevail on a motion for reconsideration, the moving party must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Local Civil Rule 7.1(i) does not allow parties to restate arguments that the Court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).

### III. DISCUSSION

In her motion for reconsideration, Plaintiff does not argue that there has been an intervening change in the controlling law or that new evidence has become available, but rather that she "can establish the third prong of the test for granting motions for reconsideration." (Pl.'s Mot. for Recons. 2.) Plaintiff then goes on to argue that (1) she did properly plead the citizenship of the corporate Defendants because she identified their place of incorporation and principal place of business, and (2) for each individual Defendant, although Plaintiff pled their "residency" in lieu of their "citizenship", she intended that the use of the term "residency" be

synonymous with "citizenship."[1] (Id. at 3.) Plaintiff's arguments are not sufficient to satisfy Rule 7.1's high standard for motions for reconsideration.

As an initial matter, it is well established that "mere residency in a state is insufficient for purposes of diversity." See Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972) (citing Sun Printing & Publ'g Ass'n v. Edwards, 194 U.S. 377 (1904); Smith v. Wildwood Linen, CIV 09-6512 (RMB), 2010 WL 2674503, at *2 (D.N.J. June 30, 2010). Plaintiff's intent that her wording be given a contrary meaning does not change the requirements she must follow in order to invoke the diversity jurisdiction of this Court. Inasmuch as Plaintiff asks this Court to allow her to amend her Complaint a third time so that she may substitute the word "citizenship" for the word "residency", she essentially concedes that the two terms are not synonymous and thus are not equivalent means to the end of invoking federal diversity jurisdiction.

Second, although Plaintiff did allege that each corporate Defendant was incorporated in a particular state, she did not set forth their respective principal places of business. (See, e.g., Am. Compl. ¶ 6 ("Defendant AC is a life sciences company incorporated in Nevada with its headquarters in Sunnyvale, California.").[2] "A business organized as a corporation, for diversity jurisdiction purposes, is deemed to be a citizen of any State by which it has been incorporated

---

[1] Plaintiff also asks that if the Court is not inclined to grant her motion, that it clarify its May 7, 2013, Order to address whether this action was remanded to state court; it was not. See Bradgate Assocs., Inc. v. Fellows, Read & Assocs., Inc., 999 F.2d 745, 753 (3d Cir. 1993) (standing for the proposition that one cannot remand a case to state court that was originally filed in federal court).

[2] Plaintiff's allegations as to the other corporate Defendants are identical. (See Am. Compl. ¶ 8 ("Defendant AD is a life sciences company incorporated in Nevada with its headquarters located in Sunnyvale, California"); ¶10 ("Defendant ADI is a medical technology company based on the completion of the human genome sequencing project incorporated in Nevada with its headquarters in Scottsdale, Arizona.").

4

and . . . of the State where it has its principal place of business." See Wachovia Bank v. Schmidt, 546 U.S. 303, 306 (2006) (citing 28 U.S.C. § 1332(c)(1)). Thus, in order to properly allege a corporate defendant's citizenship, a plaintiff must not only allege its place of incorporation, but also its principal place of business. The mere identification of a corporate defendant's headquarters, in lieu of its principal place of businesses, will be insufficient for the purposes of establishing diversity jurisdiction. See Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010) (defining "principal place of business" as "the place where a corporation's officers direct, control, and coordinate the corporation's activities" and stating that "it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion").

Because Plaintiff has failed to establish that the Court made a clear error of either fact or law that would merit reconsideration of the prior order, Plaintiff has not satisfied the standard for reconsideration and the motion is denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED.


Dated: 9/13/2013                                             _/s/ Robert B. Kugler_____
                                                             ROBERT B. KUGLER
                                                             United States District Judge